UNITED STATES DISTRICT COURT
EASTERN DISTRICT SOUTHERN DIVISION

KENYETTA HOUSTON PHILLIPS
                      *Plaintiff*

—vs.—

ALLEN CHEVROLET CADILLAC INC.,
A MICHIGAN CORPORATION, AND
JOE DONOVAN INDIVIDUALLY AND
AS AN AGENT EMPLOYEE OF
ALLEN CHEVROLET CADILLAC INC.,
AND RANDY THOMPSON INDIVIDUALLY
AND AS AN AGENT EMPLOYEE OF
ALLEN CHEVROLET CADILLAC INC
                      *Defendants*.
_____/

Case No.

Hon.

**PLAINTIFFS' COMPLAINT &
DEMAND FOR TRIAL BY JURY**

**NOW COMES** the Plaintiff, Kenyetta Houston Phillips, by and through her undersigned attorney Robin H. Kyle, complaining against Defendants Allen Chevrolet Cadillac Inc., Joe Donovan and Randy Thompson as follows:

**THE PARTIES**

**1.**    The Plaintiff, Kenyetta Houston Phillips (hereinafter Plaintiffs) was at all relevant times herein alleged an individual who resided in the city of Detroit, County of Wayne, and State of Michigan.

**2.**    The Defendant Allen Chevrolet Cadillac Inc., is a Michigan, Corporation which sells and leases new and used automobiles from its location

in Monroe, Michigan, and County of Monroe and the actions complained of herein all occurred in said City, County and State, from Defendant's automobile dealership facility located at 15180 S. Dixie Hwy., Monroe, Michigan 48161.

## GENERAL ALLEGATIONS

3. The Plaintiff is a consumer as that term is used and defined under Michigan law, and Federal Law including, *inter-alia*, the Michigan Consumer Protection Act, MCL § MCL 445.901 et seq., the Magnuson-Moss Consumer Protection Warranty Act 15 U.S.C.A. § 2301(7) and the Uniform Commercial Code Mich. Comp. Laws § 440.2601 *et seq*.

4. The Plaintiff as a consumer is entitled to the protections provided by the Michigan Consumer Protection Act, MCL § MCL 445.901 et seq., and-also the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (MMWA), 15 USC 2301 et seq.

5. The MMWA provides in part that *a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief* . . . . 15 USC § 2310(d)(1).

6. Michigan Consumer Protection Act (MCPA) prohibits a seller, such as the Defendants herein, from *representing that goods or services are of a*

*particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another*. MCL 445.903(3)(1)(d), (e).

7. Under the Michigan Uniform Commercial Code Plaintiff is entitled to reject her acceptance of non-conforming goods. See MCL §440.2601.

8. Under Michigan's Conversion statute, Plaintiff may recover treble damages, costs and attorney fees. See MCL § 600.2919a.

## JURISDICTION

9. That there is more than fifty thousand dollars ($50,000.00) in dispute in this litigation and this matter is otherwise properly within the jurisdiction and venue of this Court.

10. This Court has jurisdiction over Plaintiff's claims under the MMWA, pursuant to 15 U.S.C. § 2310(d).

11. This Court has supplemental jurisdiction over the state law claims herein alleged pursuant to 28 U.S.C. § 1367.

## FACTS

12. On or about June 8, 2023, Plaintiff signed a purchase agreement with Defendants, wherein Plaintiff agreed to purchase a 2012, Volkswagen Tiguan from Defendant Allen Chevrolet Cadillac Inc., and bearing VIN: **WVGAV7AX3CW549456.**

13. Under the terms of the purchase agreement, Plaintiff agreed to pay $8,000.00 for the vehicle and-also agreed to purchase an Auto Care Plan Vehicle Service Contract for $2,900.00. A copy of the purchase agreement and the Auto Care Plan Vehicle Service Contract are attached hereto as **Exhibit "1"**.

14. Under the terms of the contract Plaintiff also paid a down payment of $4,000.00.

15. Defendants made materially false representations to Plaintiff concerning the aforesaid vehicle.

16. In part, Defendants falsely told Plaintiff they were going to run it through inspection to make sure that the engine and the transmission were good, and that Defendants were going to detail the car for the mildew scent inside and that Defendants were going to fix the sun-screen.

17. Defendant also falsely represented to Plaintiff that the vehicle would be ready for pickup no later than a week from June 8, 2023.

18. On June 13, 2023, Plaintiff telephoned Defendants to see if the vehicle was ready for pick up and was advised by Joe that it would be another week before the vehicle was ready for pick up.

19. On June 19, 2023, Joe from Defendant Dealership called Plaintiff and left a voicemail message informing Plaintiff that Defendant could not fix the

4

sunroof screen and Defendant needed Plaintiff's credit card so Defendant could reimburse Plaintiff $500.00 to get the sunroof fixed herself.

20. Plaintiff contacted Defendants after receiving the voicemail and was advised by Joe that everything on the vehicle was repaired except the sunroof.

21. Defendant delivered the vehicle to Plaintiff on June 20, 2023.

22. On June 20, 2023, after taking delivery of the vehicle, Plaintiff was driving the vehicle and it stalled.

23. After staling the vehicle would not start and had to be pushed back to Plaintiff's residence. The Vehicle has not been drivable or operational since approximately seven hours after the Vehicle was delivered to Plaintiff.

24. On June 21, 2023, Plaintiff contacted Joe and he advised Plaintiff that Defendant would pick the vehicle up for repairs.

25. On June 22, 2023, Plaintiff was again contacted by Joe via text and was advised that Defendant would not be picking up the vehicle and Defendant was no longer responsible for any repairs to the vehicle. Joe further indicated he was very sorry but it was an upper management decision.

26. Plaintiff informed Joe that she would be returning the vehicle to Defendant and requested Defendant to have her refund check ready.

27. At approximately 10:11 a.m., Joe texted Plaintiff advising her to look at her warranty information that was provided by the finance manager and to call

Protective at 1-877-890-3025 and that her customer number was ANW199900194127.

28. Joe further advised Plaintiff that Protective would probably want to tow Plaintiff's vehicle to the nearest facility/dealership available, but unfortunately, he had no idea what Plaintiff's warranty provided in terms of towing or repairs.

29. Plaintiff contacted Protective and was advised that she could have the vehicle towed to the nearest mechanic in Dearborn Heights.

30. On June 23, 2023, Plaintiff had the vehicle towed to Heights Auto Repair, located at 25751 West Warren in Dearborn Heights, Michigan.

31. Plaintiff was advised by Ron from Heights Auto Repair that she would be charged a diagnostic fee of $125.00, which Plaintiff paid.

32. On or about June 26, 2023, Ron from Heights Auto Repair called Plaintiff and advised her that the diagnostic test on the engine showed the engine was "locked up."  Ron asked Plaintiff for the dealership number so he could inform the dealership that they (the dealership) were responsible for picking up the vehicle from the repair shop and for the repairs.  Plaintiff was advised that the Defendant dealership told Ron they were going to pick up the vehicle as soon as they had a tow truck available.

33. On or about June 30, 2023, the Plaintiff and her mother and brother went back to the Defendant dealership and spoke with Defendant's sales manager Tony. Tony advised Plaintiff that Defendant would pick up the vehicle the following Monday July 3, 2023.

34. On or about July 3, 2023, Plaintiff was contacted by the Defendant's collision manager Shawn Green, who advised Plaintiff that he was not with the service department but that he would make sure Defendant got the vehicle from the service repair facility.

35. Also on or about July 3, 2023, Plaintiff was contacted by Defendant's sales manager Tony, who very apologetic and advised Plaintiff that Defendant would "take care of everything."

36. On or about July 5, 2023, Plaintiff was contacted by Ron from the repair facility and advised that Defendant had picked up the vehicle.

37. Also, on or about July 5, 2023, Plaintiff attempted to contact sales manager Tony about a loaner vehicle, but Defendant did not respond to Plaintiff's multiple inquiries respecting a loaner vehicle.

38. Between July 5, 2023, and July 6, 2023, Plaintiff telephoned Defendant numerous times to inquire about a loaner vehicle and refund of the $500.00 she paid Defendant to repair the Vehicle sunroof. Defendant never responded to Plaintiff's phone calls.

39. Beginning June 10, 2023, and through July 12, 2023, Plaintiff was forced to rent vehicles to attempt to maintain her home care business and Plaintiff spent $3,732.73 on rental vehicles during which time Defendant failed and neglected to repair her vehicle.

40. On or about July 31, 2023, Plaintiff advised Defendant that she was rejecting her acceptance of the vehicle and demanded a refund. Defendant has since failed, neglected and refused to refund Plaintiff's money, or repair the Vehicle.

41. Nevertheless, Defendant has maintained possession of the Vehicle and also maintained possession of Plaintiff's money.

42. Defendant's actions and inaction have caused the debt for the Vehicle to appear as an unpaid debt on Plaintiff's credit reports and has subjected Plaintiff to repeated collection efforts for the Vehicle which never functioned properly as Defendant had represented to Plaintiff, inducing her to purchase the Vehicle.

43. Plaintiff's credit rating and ability to borrow have been damaged by Defendants' actions and inactions as herein alleged.

44. On or about September 12, 2023, Plaintiff's undersigned counsel sent correspondence to Defendant, respecting Plaintiff's rejection of her acceptance of the Vehicle and demanding Defendant either refund the purchase price or alternatively demanding Defendant provide Plaintiff with conforming goods.

**45.** Defendant has not responded to Plaintiff or her attorney's inquires respecting the Vehicle.

**46.** During the course of discussions leading up to the signing of the purchase agreement and related service repair agreement and financing agreement, and prior to Plaintiff actually tendering $4,000.00 in cash to Defendant, the Defendant represented to the Plaintiff, *inter-alia,* that the vehicle in question was fully covered by the Auto Care Plan Vehicle Service Contract and if anything went wrong or malfunctioned with the Vehicle or engine during the period of the Auto Care Plan Vehicle Service Contract, Defendant and the Auto Care Plan Vehicle Service Contract would repair the vehicle free of charge.

**47.** The representations made by Defendant respecting the Vehicle and terms of the purchase and condition of the Vehicle were materially false.

**48.** The representations Defendant made to Plaintiffs concerning the vehicle's Auto Care Plan Vehicle Service Contract and the vehicle's fitness and use were false and have caused Plaintiff significant financial damages and also caused Plaintiff worry, anxiety and mental pain and suffering.

## COUNT I

### VIOLATION OF MCHIGAN CONSUMER PROTECTION ACT

**49.** Plaintiff hereby realleges each-and every allegation contained in paragraphs one through through-forty-eight as if fully restated herein.

50. The Michigan Consumer Protection Act (hereinafter MCPA) prohibits merchants such as Defendants from *failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer*.

51. The MCPA defines, prohibits, and enumerates unfair, unconscionable, or deceptive methods, acts, or practices that are unlawful in the conduct of trade or commerce. MCL 445.903.

52. The MCPA prohibits merchants from causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

53. The MCPA also prohibits merchants from failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner. MCL §445.903.

54. Defendants have violated the aspects of the MCPA set forth and alleged herein, by not informing the Plaintiffs of the material fact that neither Defendant nor the Auto Care Plan Vehicle Service Contract, would honor the vehicle's service contract and would not repair the Vehicle even though it was defective when delivered.

55. Defendants have further violated the MCPA by not advising Plaintiff of the consequences of buying a defective Vehicle from Defendant.

56. Defendants have violated the aspects of the MCPA set forth and alleged herein, by *making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is,* and *failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner*. MCL 445.903(1)(s), (bb), (cc).

57. The representations made by Defendants that violated the MCPA, included Defendants' representations that if the engine malfunctioned during the service contract period, Defendants would repair and/or replace the engine without charge.

58. The representations made by Defendants concerning this transaction were material misrepresentations that were important to the transaction and affected the Plaintiff's decision to enter into the purchase agreement, service contract and financing transaction and the Defendants' representations were therefore prohibited by the MCPA.

59. That by virtue of the premises herein alleged Defendants are guilty and culpable of violating the MCPA and are liable to Plaintiff for damages, therefore.

## RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court

will enter judgment in her favor and against Defendants for whatever sum of money in-excess of $100,000.00 (One Hundred Thousand Dollars) to which Plaintiff is found to be lawfully entitled plus awarding Plaintiff costs, attorney fees, and equitable relief of recission and revocation of acceptance.

## COUNT II
## VIOLATION OF § 440.2601 of THE
## UNIFORM COMMERCIAL CODE

**60.** Plaintiff hereby realleges each-and every allegation contained in paragraphs one through through-fifty-nine as if fully restated herein.

**61.** Under §440.2601 of the Uniform Commercial Code (UCC) Plaintiff is entitled to specific relief including: revocation of acceptance and Defendants have under the premises alleged herein committed a breach of the service contract and implied warranty and also a breach of Defendants' duty of good faith, pursuant to MCL §440.1101 et seq.

**62.** The vehicle in question was, because of Defendant's refusal to honor the service contract, un-driveable within hours after it was delivered.

**63.** At all relevant times, the defects claimed and alleged herein substantially impaired the value of the vehicle herein and rendered the vehicle worthless to Plaintiff.

**64.** That by virtue of the premises herein alleged Defendants have violated §440.2601 of the Uniform Commercial Code and Plaintiff is entitled to

the remedies provided under §§440.2601, 440.2608, 440.2711, 440.2714, 440.2715, 440.2717, and 440.2721, including revocation of acceptance.

## RELIEF

WHEREFORE Plaintiff respectfully prays that this Honorable Court will enter judgment in her favor and against Defendants for whatever sum of money in-excess of $100,000.00 (One Hundred Thousand Dollars) to which Plaintiff is found to be lawfully entitled plus awarding Plaintiff costs, attorney fees, and equitable relief of recission and revocation of acceptance.

## COUNT III

### VIOLATION OF MAGNUSON-MOSS CONSUMER PROTECTION WARRANTY ACT 15 U.S.C. § 2301(7)

65. Plaintiff hereby realleges each-and every allegation contained in paragraphs one through through-sixty-four as if fully restated herein.

66. Under the Magnuson-Moss Consumer protection Warranty Act 15 U.S.C. § 2301, et. seq., Plaintiff is entitled to damages for Defendants' violation of the act and failure to honor the service agreement Defendants sold Plaintiff in connection with Plaintiff's purchase of the Vehicle.

67. Defendants have violated 15 U.S.C. § 2308(a) of the Magnuson-Moss Consumer protection Warranty Act by disclaiming implied warranties and

by not honoring the service agreement it entered into with Plaintiff consumer "at the time of sale."

68. Under the Magnuson-Moss Consumer protection Warranty Act 15 U.S.C. § 2310(d) Plaintiff is entitled to recover damages, costs and attorneys against Defendants.

69. By virtue of the premises herein alleged, Defendants have also violated 15 U.S.C. § 2304 of the Magnuson-Moss Consumer protection Warranty Act by failing to "remedy" Plaintiff's Vehicle "within a reasonable time and without charge, in the case of a defect, . . ."

70. Under the Magnuson-Moss Consumer protection Warranty Act 15 U.S.C. §2304(a)(3) Plaintiff is entitled to recover consequential damages, including damages to Plaintiff's credit and consequential damages for securing alternate transportation and related consequential damages against Defendants.

71. By virtue of the premises herein alleged Defendants have violated the Magnuson-Moss Consumer protection Warranty Act 15 U.S.C. § 2304(a)(4) by refusing to allow Plaintiff "to elect a refund for, or replacement without charge of, such" vehicle or its engine.

## RELIEF

Wherefore Plaintiff respectfully prays that this Honorable Court will enter judgment in her favor and against Defendants for whatever sum of money in-

excess of $100,000.00 (One Hundred Thousand Dollars) to which Plaintiff is found to be lawfully entitled plus awarding Plaintiff a refund, costs, attorney fees, and equitable relief of recission and revocation of acceptance.

## COUNT IV:

## CONVERSION

72. Plaintiff hereby realleges each-and every allegation contained in paragraphs one through seventy-one as if fully restated herein.

73. That by virtue of the premises herein alleged Defendants are guilty of conversion against Plaintiff.

74. Under MCL §600.2919a, Defendant is liable to Plaintiff for converting Plaintiff's money paid in connection with the sale of the Vehicle as herein alleged.

75. Defendants at all times herein alleged converted Plaintiff's monies to Defendants' own use.

76. By virtue of the premises herein alleged Defendants have exercised distinct acts of dominion and control, wrongfully over Plaintiff's monies in denial of and inconsistent with Plaintiff's rights to said monies.

77. By virtue of the premises herein alleged Defendants are guilty of common law conversion and statutory conversion against Plaintiff and are liable for damages therefore

78. Under MCL §600.2919a Plaintiff is entitled to recover treble damages, costs and attorney fees against Defendants.

## RELIEF

WHEREFORE Plaintiff respectfully prays that this Honorable Court will enter judgment in her favor and against Defendants for whatever sum of money in-excess of $100,000.00 (One Hundred Thousand Dollars) to which Plaintiff is found to be lawfully entitled plus awarding Plaintiff costs, attorney fees.

## COUNT V

## FRAUD

79. Plaintiff hereby realleges each-and every allegation contained in paragraphs one through through-seventy-seven as if fully restated herein.

80. By virtue of the premises herein alleged, Defendants made material, intentional, misrepresentations of existing facts to Plaintiff at the time of sale of the Vehicle herein alleged, including, *inter-alia*, that the Vehicle was covered under a service contract and that the vehicle would be repaired if it suffered an engine malfunction during the service contract period and would be repaired without costs.

81. The Defendant knew its representations to Plaintiff concerning the service contract and repair of the Vehicle without costs were false when made

and/or made said representations intentionally, recklessly, without knowledge of their truth and as positive assertions.

82. Defendants made their fraudulent material misrepresentations with the intention to induce Plaintiff's reliance upon said material misrepresentations.

83. The Plaintiff relied upon Defendants' material misrepresentations and suffered injury and damages as herein alleged.

84. By virtue of the premises herein alleged Defendants are guilty of fraud against Plaintiff and are liable to Plaintiff for damages, therefore, including exemplary damages, damages for emotional distress, and attorney fees.

### RELIEF

WHEREFORE Plaintiff respectfully prays that this Honorable Court will enter judgment in her favor and against Defendants for whatever sum of money in-excess of $100,000.00 (One Hundred Thousand Dollars) to which Plaintiff is found to be lawfully entitled, including exemplary damages, damages for emotional distress, and attorney fees.

### COUNT VI

### BREACH OF CONTRACT

85. Plaintiff hereby re-alleges each and every allegation contained in paragraphs one through through-eighty-three as if fully restated herein.

86. Defendants at-all times herein alleged undertook, contracted, and promised to sell Plaintiff the Vehicle herein alleged in working condition.

87. Defendants at-all times herein alleged undertook, contracted, and promised to sell Plaintiff a service agreement contract covering the Vehicle herein alleged, under which Defendants would repair engine malfunctions without charge during the term of the service agreement.

88. Defendants after receiving valuable consideration from Plaintiff for the contracts herein alleged, neglected, failed and refused to honor their obligations under the sales agreement and service agreements herein alleged.

89. By virtue of the premises herein alleged Defendants are guilty of breach of contract respecting the sale of the Vehicle herein and respecting the service agreement as herein alleged.

## RELIEF

WHEREFORE Plaintiff respectfully prays that this Honorable Court will enter judgment in her favor and against Defendants for whatever sum of money in-excess of $100,000.00 (One Hundred Thousand Dollars) to which Plaintiff is found to be lawfully entitled.

## COUNT VII

## UNJUST ENRICHMENT

90. Plaintiffs hereby re-alleges and incorporate by reference paragraphs one through eighty-eight word for word and paragraph for paragraph as if fully restated herein.

91. By-virtue of the premises herein alleged the Defendant is guilty of unjust enrichment at Plaintiffs' expense and Plaintiff is entitled to judgment and damages against the Defendant, therefore.

## **RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court will enter-judgment in Plaintiffs' favor and against the Defendant for whatever amount of money in-excess of $25,000, to which Plaintiffs are found to be lawfully and/or equitably entitled and awarding Plaintiffs such other equitable and legal relief including costs, reinstatement of the contract and interest and attorney fees.

January 11, 2024

Respectfully submitted,

By: /s/ Robin H. Kyle
Robin H. Kyle (P-33330)
Attorney for Plaintiff
8120 E. Jefferson Ave. Suite 3E
Detroit, Michigan 48214
Cell:313-492-2691
robinhkyle@comcast.net

UNITED STATES DISTRICT COURT
EASTERN DISTRICT SOUTHERN DIVISION

Kenyetta Houston Phillips

  *Plaintiff*　　　　　　　　　　　　　　　Case No.
　　　　　　　　　　　　　　　　　　　　　　　　Hon.

v

Allen Chevrolet Cadillac Inc.,
a Michigan Corporation, and Joe Donovan
 Individually and as an agent employee of
Allen Chevrolet Cadillac Inc., and Randy Thompson
Individually and as an agent employee of
Allen Chevrolet Cadillac Inc

  *Defendants.*

_____/

**JURY DEMAND**

  Now Comes the Plaintiff, Kenyetta Houston Phillips by and through her attorney Robin H. Kyle and hereby demands a trial by jury in the above captioned matter.

Januaary 11, 2024

              Respectfully submitted,

         By:  /s/ Robin H. Kyle
            Robin H. Kyle (P-33330)
            Attorney for Plaintiff
            8120 E. Jefferson Ave. Suite 3E
            Detroit, Michigan 48214
            Office: 313-469-7322
            Cell: 313-492-2691
            robinhkyle@comcast.net